# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEVEN ROSS, ) | CASE NO. 1:20 CV 2795 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| KIMBERLY CLIPPER, WARDEN, ) | AND ORDER |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Steven Ross filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Lorain Correctional Institution, having pled no contest in January 2020 in the Lake County Court of Common Pleas to four counts of voyeurism. The court sentenced him to 9 months on each count to be served consecutively for a total sentence of 36 months. He asserts three grounds for habeas relief: (1) he received consecutive sentences for allied offenses of similar import; (2) his indictment was fraudulent; and (3) he received consecutive sentences as a result of malicious prosecution. He seeks exoneration and release from prison.

## I.  Procedural Background

In October 2018, Petitioner's then girlfriend contacted the Lake County Prosecutor's Office and informed them that she had evidence that Petitioner had videotaped her teenaged daughter in various states of nudity. *State of Ohio v. Ross*, No. 2020-L-013 (Ohio 11 Dist. App. Ct. Aug. 17, 2020). She provided them with two computer thumb drives and a computer hard drive, containing

four files that showed Petitioner setting up video equipment to record his girlfriend's daughter undressing and showering, and sunbathing. *Id.* Petitioner was indicted on four counts of voyeurism. His attorney filed a Motion Suppress the evidence found. *Id.* When that Motion was denied, Petitioner withdrew his plea of not guilty and entered a no contest plea to the indictment. Petitioner's bond was revoked prior to sentencing because he tested positive for cocaine. *Id.* The court sentenced him to nine months on each count and ordered that they be served consecutively for a total of thirty-six months. *Id.*

Petitioner appealed his conviction and sentence to the Ohio Eleventh District Court of Appeals, asserting three assignments of error:

> 1. The trial court erred in denying the Motion to Suppress.
>
> 2. His trial counsel was ineffective for failing to challenge the search warrant.
>
> 3. The trial court erred by imposing consecutive sentences.

*State of Ohio v. Ross*, No. 2020-L-013 (Ohio 11 Dist. App. Ct. Aug. 17, 2020). The Court of Appeals affirmed the conviction and sentence.

Petitioner appealed that decision to the Supreme Court of Ohio on March 10, 2021. He was given leave to proceed with a late appeal due to the Covid-19 pandemic. That appeal is still pending.

Prior to filing his appeal to the Supreme Court of Ohio, Petitioner filed this habeas petition in federal court. He asserts three grounds for relief:

> 1. He received consecutive sentences for allied offenses of similar import;
>
> 2. His indictment was fraudulent; and

> 3. He received consecutive sentences as a result of malicious prosecution.

Petitioner asks this Court to overturn his conviction and order his release from incarceration.

## II.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

## III.   Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Of relevance here, Petitioner must demonstrate he exhausted his state court remedies prior to filing his Habeas Petition.

A state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*

**IV.     Analysis**

Petitioner had not fully exhausted his states court remedies when he filed this Habeas Petition. He sought leave to appeal to the Supreme Court of Ohio after he filed this Petition. The

court granted him leave and that appeal is still pending. Petitioner must exhaust all state court remedies prior to filing his Habeas Petition. Because the appeal is still pending, this Petition is premature.

### V.      Conclusion

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition (Doc. No. 1) is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). Petitioner's Motion for Appointment of Counsel (Doc. No. 3) and his Emergency Motion for Bond (Doc. No. 7) are denied.

IT IS SO ORDERED.
April 16, 2021

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE